<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YUE YU,

    Plaintiff,

v.

ANITA GILMORE, *et al.*,

    Defendants.

No. 23cv2003 (EP) (MAH)

**OPINION**

**PADIN, District Judge.**

*Pro se* Plaintiff Yue Yu is neighbors with Defendant Anita Gilmore in Kearny, New Jersey. Gilmore is a veteran's surviving spouse, which entitles her to claim a property tax exemption (the "Veterans' Exemption"). Plaintiff alleges that the Town of Kearny ("Kearny"), Kearny tax assessor John Peneda, and Kearny "zoning official" Anthony Chisari (collectively, the "Kearny Defendants") selectively enforce local zoning ordinances, allowing Gilmore to operate a seasonal tax preparation business from her home while claiming both the Veterans' Exemption *and* deductions for expenses related to the use of her home as a business. Plaintiff alleges Kearny's selective enforcement violates her civil rights.

Plaintiff has litigated claims arising from these facts several times, including at least twice in New Jersey Tax Court. In addition, Plaintiff brought several related claims in her initial complaint, D.E. 1 ("Initial Complaint"), which were mostly dismissed *with prejudice*. D.E. 23 ("Initial Opinion"). This Court previously dismissed all claims against Defendants the State of New Jersey Legislature and the Director, New Jersey Division of Taxation (the "State" Defendants) *with prejudice*; all claims against Defendant Anita Gilmore *with prejudice*; and all tax-related claims against the Kearny Defendants *with prejudice*. *Id.*; D.E. 24. Plaintiff's only

1

claims from the Initial Complaint that were dismissed *without prejudice* were Plaintiff's civil rights claims against the Kearny Defendants concerning their alleged selective enforcement of zoning ordinances. *Id.*

Plaintiff now re-alleges her previously dismissed civil rights complaints against the Kearny Defendants, arguing that these claims are "not centered on matters of taxation, but rather on the egregious violations of civil rights perpetuated by the Defendants." Am. Compl. ¶ 6. The Kearny Defendants move, pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6), to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. D.E. 26-1 ("Motion" or "Mot."). The Kearny Defendants also seek monetary sanctions against Plaintiff for bringing frivolous litigation. *Id.* at 4-5. Plaintiff opposes. D.E. 31 ("Opposition" or "Opp'n"). The Kearny Defendants reply. D.E. 32 ("Reply").

After reviewing the parties' submissions, and determining that oral argument is not necessary,[1] the Court will **GRANT in part** and **DENY in part** the Kearny Defendants' Motion. All claims will be **DISMISSED *with prejudice***, however, the Court will **DENY** the Kearney Defendants' request for the Court to impose monetary sanctions against Plaintiff.

I.     **BACKGROUND**[2]

Plaintiff and Gilmore are neighbors. Am. Compl. Gilmore has not paid property taxes for decades due to the Veterans' Exemption. *Id.* ¶¶ 29-30. Plaintiff challenges Gilmore's use of her home to operate a tax preparation business employing eight people during tax season, which she alleges violates the spirit of the Veterans' Exemption. *Id.* ¶¶ 36-37.[3]

---

[1] Fed. R. Civ. P. 78; L. Civ. R. 78(b)(1).
[2] Except where otherwise noted, this section derives from the Amended Complaint's well-pled factual allegations, presumed to be true for the purposes of this motion.
[3] As detailed at length in the Initial Opinion, Plaintiff has filed at least two Tax Court actions, one of which encompassed allegations similar to those here. *See also* D.E. 9-2, Kearny Mot. Ex. 1, *Yu*

2

Plaintiff has reported Gilmore's violation of Kearney Ordinance § 38-6.2, Accessory Use of Residential Area, to Kearny's Zoning Office and to the Mayor of Kearny, but according to Plaintiff, they have "consistently failed to rectify the reported violation and stated that no action will be taken" to correct these alleged breaches. *Id.* ¶ 46. Plaintiff implies the Kearny Defendants favor Gilmore because many Kearny township employees, including police officers, use Gilmore's tax services. *Id.* ¶¶ 52-53, 58.

Gilmore's business has impacted Plaintiff in several ways. For example, during tax filing season, Gilmore's employees are present at the property between 9 a.m. and 11 p.m and take all the parking spots on their street. *Id.* ¶¶ 41, 48. Plaintiff also alleges that the Kearny Defendants have been improperly calculating Plaintiff's taxes by using an "undefined and dubious methodology," which contravenes her civil rights to equal protection under law. *Id.* ¶¶ 26-28.

Based on these allegations, Plaintiff asserts three causes of action:

1. An Equal Protection claim under 42 U.S.C. § 1983 – 14th Amendment. *Id.* ¶¶ 69-90.

2. Supervisor Liability claims under both 42 U.S.C. § 1983 and the New Jersey Torts Claims Act, N.J.S.A § 59-2-2. *Id.* ¶¶ 91-101.

3. Violations of the New Jersey Civil Rights Act § 10:6-2. *Id.* ¶¶ 108-102.

---

*v. Kearny*, New Jersey Tax Court Docket No. 11046-2021 (the "Gilmore Tax Case"). The Tax Court found that: (1) Gilmore "indisputably . . . satisfies the qualifying factors for a surviving spouse's entitlement to the [Veterans' Exemption] pursuant to N.J.S.A. § 54:4-30, *et seq.*"; (2) N.J.S.A. § 54:4-30 does not prohibit the use of a residence as a home office; and (3) the evidence did not "delineate a measurable portion of the residential property being used exclusively as a business." *Id.* at 18, Kearny Mot. Ex. 3. Based on these findings, the Tax Court dismissed Plaintiff's complaint *with prejudice*. *Id.*

Within these three counts, Plaintiff also references a conspiracy, *id.* ¶ 70, and a violation of the New Jersey Tort Claims Act. *Id.* ¶ 100. Plaintiff seeks damages and various forms of injunctive and declaratory relief. *Id.* at 17-18.

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (cleaned up). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Because Plaintiff proceeds *pro se*, the Court construes the Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

4

assumption of truth." *Ashcroft*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Finally, a court may dismiss a claim with prejudice based on "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993); *see also* 3 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 15.15 (3d ed. 2021) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

B.  **Federal Rule of Civil Procedure 12(b)(1)**

"A district court has to first determine . . . whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Penn. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358. But "[a] factual attack is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In a factual attack, "the District Court may look beyond the pleadings to ascertain the facts." *Id.* "In sum, a facial attack 'contests the sufficiency of the pleadings,'" *id.* (quoting *In re Schering Plough Corp.*, 678 F.3d at 243), "'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

Here, like in their first motion to dismiss, D.E. 9, the Kearny Defendants do not dispute Plaintiff's central factual allegations. Accordingly, this is a facial attack, and this Court can consider whether the Tax Case and Tax Appeal—the existence and outcome of which Plaintiff does not dispute—divest this Court of jurisdiction. *See John G. v. Northeastern Educ. Intermediate Unit 19*, 490 F. Supp. 2d 565, 575 (M.D. Pa. 2007) ("[T]he court may consider only the [complaint's allegations and exhibits], matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies, and 'indisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss."); *Silverberg v. City of Phila.*, No. 19-2691, 2020 WL 108619, at *3-4 (E.D. Pa. Jan. 8, 2020) (considering docket printout for state case, lower court opinion, and appellate court opinion on facial attack).

### III. ANALYSIS

The Kearny Defendants do not explain why the Amended Complaint should be dismissed pursuant to Rule 12(b)(1) in their Motion—they only reference Rule 12(b)(1) in their Notice of Motion. However, the Court will still review the claims in the Amended Complaint for subject matter jurisdiction before analyzing Defendants' arguments to dismiss under Rule 12(b)(6). *See Battles v. Washington Metro. Area Transit Auth.*, 272 F. Supp. 3d 5, 10-11 (D.D.C. 2017) ("Faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the Rule 12(b)(1) motion because [o]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further.").

#### A. This Court Still Lacks Jurisdiction Over Plaintiff's Tax-Related Claims

As analyzed at length in this Court's Initial Opinion, this Court lacks jurisdiction to consider Plaintiff's tax challenges on three separate bases: the Tax Injunction Act, principles of comity, and the *Rooker-Feldman* doctrine. Initial Opinion at 7-12. To the extent that Plaintiff

6

seeks to re-litigate these challenges, *see e.g.*, Am. Compl. ¶¶ 3, 21-45, 68, 71-75, 80-82, 96-97, this Court still lacks jurisdiction.

Like with the Initial Complaint, Plaintiff's attempts to reframe her challenges to the administration of taxes as civil rights claims fail. Despite Plaintiff bolstering her allegations in the Amended Complaint, Count One still alleges several facts concerning Gilmore's use of her property-tax-exempt home to run a business. *Id.* ¶¶ 71-75, 80-86. Similarly, Count Two of the Amended Complaint—which is nearly identical to Count Two of the Initial Complaint—still primarily concerns a tax claim positioned as a supervisory liability claim. *Id.* ¶¶ 91-101. For example, Plaintiff again challenges Kearny's methodology for property assessments. *Id.* ¶ 97 ("The failure of Kearny to train, supervise and correct [its assessor's] methodology of assessing property value in Kearny amounted to gross negligence.").[4] This Court previously dismissed these claims *with prejudice*, Initial Opinion at 11-12, and therefore need not review them again. Accordingly, this Court still cannot consider Plaintiff's tax-related claims.

### B. Plaintiff Fails to State a Claim for Selective Zoning Enforcement

In addition to her tax-related allegations, Plaintiff alleges equal protection, conspiracy, supervisory liability, New Jersey Torts Claims Act and New Jersey Civil Rights Act claims.

#### 1. *Plaintiff fails to state an Equal Protection claim*

Plaintiff alleges that the Kearny Defendants selectively enforced zoning ordinances in violation of her civil rights, 42 U.S.C. § 1983, *et seq*. Am. Compl. ¶ 77. In limited circumstances, the Equal Protection Clause prohibits the "selective enforcement" of a law based on an

---

[4] As with the Initial Complaint, Count Three alleges a New Jersey Civil Rights Act violation that relies "on the aforesaid conduct." Am Compl. ¶ 107. To the extent Plaintiff is alleging a civil rights violation for any conduct related to property assessments, the Court still lacks jurisdiction to hear those claims.

unjustifiable standard. *Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006); *see also United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979). To prevail on a selective enforcement claim, a plaintiff must demonstrate: (1) treatment different from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, or to prevent the exercise of a fundamental right. *PG Publ'g Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010)). Plaintiffs must show that the administration of a law has resulted in unequal application to those who are entitled to be treated alike and that there is an element of intentional or purposeful discrimination present. *Id.*; *see also Jewish Home of E. Pa. v. Ctrs. for Medicare and Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2012) ("[T]o maintain an equal protection claim of this sort, [plaintiff] must provide evidence of discriminatory purpose, not mere unequal treatment or adverse effect.").

In the Amended Complaint, Plaintiff references Kearny Ordinance § 38-6.2, which governs "Accessory Uses in Residential Zones."[5] Even though Plaintiff provides the relevant regulation and alleges violations—along with the Kearney Defendants' selective enforcement of this regulation—Plaintiff still fails to show how she was treated differently from similarly situated individuals or how this selective treatment was based on an unjustifiable standard.

---

[5] The street where Plaintiff and Gilmore's properties are located is designated R-1, or single-family zoning. *See Kearny Zoning Map*, available at http://viewer.myidv.com/Map/71332c322babacd3/Kearny-myiDV---Public. That ordinance lists certain requirements for businesses operated out of single-family houses. The requirements include, as relevant to Plaintiff's allegations, that such a business "shall not use more than 1/3 of the total floor area of the dwelling unit or 750 square feet, whichever is less," shall not permit "more than one nonresident employee," shall not "generate traffic, parking, . . . or any other hazard or nuisance to any greater or more frequent extent than what normally occurs in the applicable zoning district," shall not serve more than three customers at a time, and must provide a certain amount of off-street parking depending on the amount of the residence used as part of the business.

First, Plaintiff fails to show disparate treatment. The only allegedly unfair application of law against Plaintiff is that Kearny threatened her "with [a] $500 . . . fine if Plaintiff didn't remove a landscaping tree in front of her property" despite other properties and businesses "hav[ing] the same type of trees on their properties." Am. Compl. ¶¶ 54-56. But as Plaintiff acknowledges, the threatened fine was ultimately dropped. *Id.* ¶ 57.[6] The only example of alleged selective enforcement of Kearny Ordinance § 38-6.2 concerns another individual who is not a party in this case, and the allegations in the Amended Complaint do not show the enforcement in that context was motivated by a discriminatory purpose. *Id.* ¶¶ 49-51.

Plaintiff's allegations fail to show anything more than a local government administering its laws and regulations in the normal course. As explained in the Initial Opinion, "[L]ocal town officials engage in a vast range of highly discretionary decisions that affect the property rights and everyday activities of town citizens." *Gray*, 115 F. Supp. 3d at 317. "Not every wrong or ill-informed decision by a local government official is grounds for a federal constitutional cause of action." *Id.* Therefore, "[c]ourts . . . have repeatedly cautioned about the danger of ordinary disputes between a citizen and a municipality — whether it be about land use, licenses, inspections, or some other regulatory or investigative function of local governments — being transformed into federal lawsuits by an incorrect, overexpansive theory of class-of-one liability." *DeFalco v. Dechance*, 949 F. Supp. 2d 422, 434 (E.D.N.Y. 2013) (citation omitted). To the extent Plaintiff alleges any selective enforcement based on the Kearny Defendants' lack of enforcement of Kearny Ordinance § 38-6.2 against Gilmore, she fails to sufficiently plead that this selective treatment was based on an unjustifiable standard.

---

[6] However, even if the fine was pursued, the Court would find that it does not give rise to an equal protection violation given the highly discretionary nature of the administration of local ordinances. *See Gray v. Town of Easton,* 115 F. Supp. 3d 312, 317 (D. Conn. 2015).

Relatedly, the Court agrees with Defendants that Plaintiff also fails to show discriminatory intent. Plaintiff asserts in her Opposition, for the first time, that she and her late husband were discriminated against based on their age and race. Opp'n at 2. Because Plaintiff failed to include these allegations in her Amended Complaint, the Court need not consider them.[7] *See In re Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) ("In considering a motion to dismiss, the district court is also bound not to 'go beyond the facts alleged in the Complaint and the documents on which the claims made therein [are] based.'")).

Moreover, land-use decisions referenced in the Amended Complaint "are matters of local concern and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with improper motives." *Hankin Fam. P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 WL 43610, at *16 (E.D. Pa. Jan. 6, 2012) (cleaned up). Therefore, federal courts apply the "shocks the conscience" test to avoid converting a court into "super zoning boards of appeals." *Id.* Plaintiff does not explain why any zoning decisions made by Kearny—against her or Gilmore—have utilized an "unjustifiable standard," nor does she identify any conduct or motive that "shocks the conscience" aside from references to her race and her late husband's age in her Opposition. Because Plaintiff again fails to sufficiently allege an

---

[7] Even if these facts were in the Amended Complaint, they would fail to sufficiently support Plaintiff's discrimination allegations. Plaintiff alleges no facts beyond conclusory allegations that she and her late husband were targeted based on their age and race aside from one remark where she was alleged referred to as "that Chinese woman" in a conversation between Gilmore and Chisari. Opp'n at 3. The allegations fall short of supporting Plaintiff's contention that the Kearny Defendants were motivated by a discriminatory purpose.

10

Equal Protection violation based on the selective enforcement of zoning ordinances, the Court will **DISMISS** her Equal Protection claims ***with prejudice***.[8]

### 2. *Plaintiff fails to state a conspiracy claim*

Within Count I, Plaintiff also alleges that individual defendants conspired to violate her constitutional rights. Am. Compl. ¶ 70. "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law reached an understanding to deprive him of his constitutional rights." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (internal quotation marks and citations omitted). "This requires that the state actors took 'concerted action' based on an 'agreement' to deprive the plaintiff of his constitutional rights, and that there was an actual underlying constitutional violation of the plaintiff's rights." *Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020) (quoting *Jutrowki*, 904 F.3d at 295)). To survive a motion to dismiss, a Plaintiff must allege "at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn." *Durham v. City and Cnty. of Erie*, 171 Fed. Appx. 412, 415 (3d Cir. 2006). A plaintiff can meet this requirement when their complaint "sets forth a valid legal theory and it adequately states the conduct, time, place, and persons responsible." *Lynn v. Christner*, 184 Fed. Appx. 180, 185 (3d Cir. 2006).

The Kearny Defendants contend that Plaintiff fails to state a conspiracy claim because she fails to plead any facts to support her allegation of a conspiracy. Mot. at 3. In Opposition, Plaintiff

---

[8] The Court believes that amendment would be futile because the Court cannot find any basis for Plaintiff's claims to proceed. *See El v. New Jersey*, No. 15-8136, 2022 WL 2314866, at *4 (D.N.J. June 28, 2022). Additionally, this Court's Initial Opinion set forth several deficiencies with Plaintiff's selective enforcement claim, Initial Complaint at 14-15, which Plaintiff has failure to cure. *See Mesadieu v. City of Linden*, No. 18-14561, 2019 WL 2514715, at *5 (D.N.J. June 18, 2019), aff'd, 791 F. App'x 294 (3d Cir. 2020) (finding amendment futile when district court had advised plaintiff of substantive issues in initial complaint and those deficiencies were not remedied in the amended complaint).

adds additional support to her conspiracy claim, including that Defendants Chisari and Gilmore once referred to Plaintiff as "that Chinese woman" and that Defendants conspired to not enforce town ordinances against Gilmore. Opp'n at 3. As noted above, these allegations were not included in the Amended Complaint and the Court therefore need not consider them.[9] *See In re Bruni*, 824 F.3d at 360 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1425. Ultimately, Plaintiff fails to show any agreement between the Kearney Defendants, or that such agreement deprived her of her constitutional rights. Even if Plaintiff pleaded additional facts to support her allegation that a conspiracy existed, her claim would still fail as she failed to plead an underlying violation of her constitutional rights. Accordingly, the Court will **DISMISS** Plaintiff's conspiracy claim ***with prejudice***.[10]

### 3. *Plaintiff fails to state a supervisory liability claim*

Plaintiff also contends that Kearny's employees selectively enforced zoning ordinances in violation of her civil rights and that Kearny is responsible for under a *respeondeat superior* theory under both 42 U.S.C. § 1983 and the New Jersey Torts Claims Act, N.J.S.A § 59-2-2, *et seq*.[11] Am. Compl. ¶¶ 98-99.

A governmental entity, like Kearny, cannot be liable under a theory of *respondeat superior* or vicarious liability. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 580 (3d Cir. 2004) (citing *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 691–92, (1978)).

---

[9] The Court would reach the same conclusion were Plaintiff to have included these additional facts in the Amended Complaint because these facts still do not permit the reasonable inference there was a conspiracy amongst the Kearny Defendants and others.

[10] Because the alleged underlying conduct does not give rise to a constitutional violation, the Court finds that amendment of the conspiracy claim would be futile.

[11] Under New Jersey's Torts Claim Act, a "public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J.S.A. § 59:2-2(b).

"Rather, in order for a governmental entity . . . to be liable for the violation of a constitutional right under § 1983, the plaintiff must identify a policy or custom of the entity that caused the constitutional violation." *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997)). In other words, the plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Plaintiff alleges that Defendant Chisari selectively enforced Zoning Ordinance § 38-6.2 in violation of her rights, and that Kearny knew or should have known this caused Plaintiff financial and emotional distress. Plaintiff's claim fails for several reasons, but most crucially, because she is missing the underlying component on a *Monell* claim: a constitutional violation. As analyzed above, Plaintiff has failed to allege facts to sustain her allegations that Chisari selectively enforced Ordinance § 38-6.2 in violation of her civil rights. Because Plaintiff cannot plead a constitutional violation, her claim against Kearny fails. Similarly, "a public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." N.J.S.A. § 59:2-2(b). Therefore, Plaintiff's claim also fails under New Jersey law. Accordingly, Count II of the Complaint will be **DISMISSED** *with prejudice*.[12]

    4.    *Plaintiff fails to state a claim under New Jersey's Civil Rights Act*

Plaintiff also alleges that Defendants violated her rights under the New Jersey Civil Rights Act ("NJCRA") Section 10:6-2. Courts have consistently analyzed claims brought under the NJCRA as analogous to § 1983 claims. *White v. Taylor*, No. 10-5485, 2014 WL 2196509, at *7

---

[12] The Court believes that amendment would be futile because the alleged facts do not give rise to a violation of a federal statute or constitutional right. *See Welch v. Cnty. of Burlington*, No. 21-4526, 2021 WL 3418680, at *9 (D.N.J. Aug. 5, 2021).

(D.N.J. May 27, 2014); *see also Pettit v. New Jersey*, No. 09–3735, 2011 WL 1325614 at *3 (D.N.J. Mar. 30, 2011) (explaining that "[t]his district has repeatedly interpreted NJCRA analogously to § 1983"). Accordingly, for the reasons explained above as to why Plaintiff's § 1983 claims fail, her NJCRA claim also fails. Therefore, the Court will **DISMISS** Count III ***with prejudice***.[13]

### C.    The Court Declines to Impose Monetary Sanctions

Federal Rule of Civil Procedure 11 is intended to deter pleadings that are "frivolous, legally unreasonable, or without factual foundation." *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (internal quotations omitted). The Third Circuit employs a "reasonableness" standard for determining the appropriateness of Rule 11 sanctions. *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 288 (3d Cir. 1991) (internal citations omitted). In this context, reasonableness is defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Id.* Bad faith is not required. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).

Courts in this District are reluctant to impose sanctions against *pro se* litigants. *Levine v. New Jersey State Dep't of Cmty. Affs.*, No. 02-5570, 2006 WL 1933697, at *3 (D.N.J. July 11, 2006); *see also Ramirez v. United Parcel Serv.*, No. 06-1042, 2011 WL 4970826, at *5 (D.N.J. Oct. 19, 2011) (collecting cases in this District that have imposed and declined to impose sanctions against *pro se* litigants). In lieu of monetary sanctions, "District Courts have been advised to 'consider a wide range of alternative possible sanctions for violations of the rule.'" *Id.* (quoting

---

[13] As with Plaintiff's § 1983 claims, the Court believes that amendment of Plaintiff's NJCRA claim would be futile as well.

*Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3rd Cir. 1988) (internal citations omitted)).

In this Court's Initial Opinion, Plaintiff was warned that the filing of any future frivolous papers, including any attempt to relitigate claims dismissed with prejudice, may be met with monetary sanctions, including attorneys' fees and costs. Initial Opinion at 15 n.13. Defendants ask the Court to award payment of attorneys' fees and costs incurred to defend the present litigation. Mot. at 5. In response, Plaintiff insists that she "firmly believes her civil rights have been violated by the Defendants" and that she has "made every effort to ensure that this amended complaint is well-founded and pertinent to the alleged civil rights violations." Opp'n at 6.

Plaintiff has had several opportunities to litigate her claims, including at least twice in New Jerseys Tax Court[14] and the Initial Compliant in this matter. The majority of the Amended Complaint is a reframing of issues that have been addressed before. The Court recognizes that Plaintiff failed to remove paragraphs from her Amended Complaint that substantially concerned tax-related allegations that the Court previously dismissed with prejudice and warned Plaintiff may be the basis of a future sanction. Nevertheless, the Court does not believe monetary sanctions are appropriate. This Court's Initial Opinion dismissed some of Plaintiff's claims without prejudice and it views the Amended Complaint as Plaintiff's legitimate—but unsuccessful—attempt to bolster those allegations.

Plaintiff has now attempted at least four times to litigate these claims in multiple courts. Today, the Court will dismiss all of Plaintiff's claims *with prejudice*, leaving no room to litigate these issues again in this Court. The Plaintiff is advised for the last time that attempting to continue to litigate claims dismissed with prejudice may result in sanctions. The Court has decided not to

---

[14] *See* Initial Opinion at 3-4 (detailing Plaintiff's litigation history in New Jersey Tax Court).

15

impose monetary sanctions here in expectation that no further deterrent is necessary given the outcome of the Motion.

IV. **CONCLUSION**

For the reasons above, the Court will **GRANT in part** the Kearny Defendants' Motion and **DISMISS** all of Plaintiff's claims ***with prejudice***. However, the Court will **DENY** the Kearney Defendants' request for sanctions. An appropriate Order accompanies this Opinion.

<u>February 3, 2025</u>

Date

_____

Evelyn Padin, U.S.D.J.

16